UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
TOWANA FINDLAY,

                     Plaintiff,

    -against-

THE CITY OF NEW YORK, OSMIN FERRAN
(A/K/A OSMIN FERRAN-PIERRE
A/K/A OSMIN FERRAN-PEREZ),
DETECTIVE CORY FINK (TAX 917625), and
DETECTIVE DARU DONAWA (TAX 918962),

                     Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**SECOND AMENDED COMPLAINT**

14 CV 3765 (KAM) (MDG)

**JURY TRIAL DEMANDED**

       Plaintiff, Towana Findlay, by her attorneys, Reibman & Weiner, as and for her Second Amended Complaint, hereby alleges as follows, upon information and belief:

### PARTIES, VENUE and JURISDICTION

       1.    At all times hereinafter mentioned plaintiff was an adult female resident of Queens County, within the City and State of New York.

       2.    At all relevant times hereinafter mentioned, defendant City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD") and its employees.

       3.    At all times hereinafter mentioned, defendant Corey Fink (Tax 917625), was a member of the NYPD, employed, retained, trained and supervised by New York City, and was a state actor performing his duties under color of law. Fink is sued herein in his official and individual capacities.

4. At all times hereinafter mentioned, defendant Daru Donawa (Tax 918962), was a member of the NYPD, employed, retained, trained and supervised by New York City, and was a state actor performing his duties under color of law. Donawa is sued herein in his official and individual capacities.

5. At all relevant times hereinafter mentioned, defendant Osmin Ferran, was the owner of 171 Beach 90th Street, in the County of Queens, City and State of New York

6. Upon information and belief, defendant Ferran resides in the County of Queens, City and State of New York, and is an adult male.

7. 171 Beach 90th Street is the location of the beginning of the incident described herein, and was also the residence of plaintiff, Towana Findlay, at the time of the incident.

8. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

9. This court has pendent jurisdiction over defendant Ferran pursuant to 28 U.S.C. § 1367 because the facts alleged herein against all defendants arise from a common nucleus of operative facts.

10. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq. in the Eastern District of New York, as it is the district where the plaintiff and defendant City of New York reside.

11. That plaintiff timely served a Notice of Claim on the municipal defendant for her claim for malicious prosecution.

12. At least thirty days have elapsed since service of plaintiff's Notice of Claim for malicious prosecution, and adjustment and payment thereof has been neglected or refused.

13. That the within action has been initiated within one year and ninety days of the happening of the events of which plaintiff complains against the City of New York.

14. That the within action has been initiated within one year of the happening of the events of which plaintiff complains against defendant Osmin Ferran.

**RELEVANT FACTS**

15. On June 18, 2013 (the "Date of the Arrest"), plaintiff lawfully resided at 171 Beach 90th Street, Apartment 3, in Far Rockaway, County of Queens, City and State of New York (the "Scene of the Arrest").

16. This building was owned and operated by defendant Osmin Ferran, who leased the premises to the plaintiff pursuant to a written lease agreement that was made on March 1, 2013.

17. Beginning in April of 2013, defendant Osmin Ferran began threatening and harassing plaintiff and her two small children, demanding that they move out of the premises with no proper notice and for no reason permitted by the lease.

18. In response to the harassment and threats made by defendant Ferran against plaintiff, plaintiff attempted to file complaints with the 100th Precinct against defendant Ferran, but was turned away.

19. At or about 8:00 a.m., on the Date of the Arrest, plaintiff was lawfully present inside of her apartment.

20. At this time, defendants Fink and Donawa arrived at plaintiff's apartment and arrested her, falsely stating that there was a warrant for her arrest.

21. Plaintiff protested, informing the defendants that this was not true.

22. Nonetheless, plaintiff was taken to a local precinct believed to be the 100th Precinct, where defendant Fink informed plaintiff, in sum and substance, that she in fact did not have a warrant for her arrest, but rather that defendant Osmin Ferran had filed a complaint against her five weeks prior to the date of the arrest, on May 11, 2013.

23. Shocked at defendant Ferran's transparent attempt to improperly enlist the authority of law enforcement for his own personal and illegal interests, specifically, to improperly remove plaintiff and her children from her apartment, plaintiff informed defendants Fink and Donawa that she had committed no crimes or violations against defendant Ferran.

24. She further informed them that defendant Ferran had been harassing and threatening her since she signed the lease with him.

25. Additionally, plaintiff was not engaged in any suspicious or illegal activity and there was no warrant for her arrest.

26. Despite the absence of any evidence of wrongdoing on the part of plaintiff, defendants Fink and Donawa detained plaintiff at the 100th Precinct where she was held for several hours.

27. Defendant Fink made several statements to plaintiff, both written and verbal, demonstrating that he knew he was not in possession of knowledge or reasonably trustworthy information of facts or circumstances that would be sufficient to form the basis for plaintiff's arrest.

28. Specifically, while at the precinct, defendant Fink gave plaintiff a signed letter where he wrote, on NYPD letterhead:

> "Please excuse Towana Findlay on June 18, 2013. She was helping aid the 100th pct Detective Squad in a very important investigation. I'm sorry for any inconvenience this may have caused. Feel free to contact me at my office. 718-318-4223."

29. Despite defendant Fink's written representation to plaintiff that he was "sorry" and that plaintiff was "helping aid the 100th pct Detective Squad in a very important investigation," plaintiff was nonetheless then transferred to Queens County Central Booking.

30. Additionally, defendant Fink transported plaintiff from the 100th Precinct to Queens County Central Booking in his NYPD vehicle and, on the way, told plaintiff, in sum and substance, that he knew the alleged complaint by Ferran against plaintiff should have been closed and that plaintiff should not have been arrested.

31. Defendant Fink stopped along the way from the 100th Precinct to Queens County Central Booking to pick up his girlfriend and drop her off at a local subway.

32. Plaintiff eventually arrived at Queens County Central Booking in the custody of defendant Fink.

33. Once plaintiff was at Queens County Central Booking, she was arraigned on a criminal complaint containing false allegations made by defendant Ferran and which defendants Fink and Donawa knew or had reason to know were false and not credible.

34. Fink swore out a misdemeanor complaint against plaintiff, stating that plaintiff committed four counts of misdemeanor harassment.

35. According to Fink, Ferran stated to him that plaintiff called him on May 11, 2013, threatened him, and made grandiose and absurd self-incriminating statements about other alleged criminal activity. These statements, if made by Ferran, were false, and Fink knew or should have known they were false at the time they were made and repeated.

36. Defendants swore out the complaint to cover up and justify their unlawful conduct, and with the malicious intent of subjecting plaintiff to prosecution for a crime they knew or should have known she had not committed.

37. After being detained for several hours at Central Booking, plaintiff was eventually arraigned on the criminal charges and criminal process was commenced.

38. Plaintiff was compelled to retain defense counsel and appear repeatedly in criminal court to defend herself.

39. Defendant Fink made or brought about these false allegations with the understanding that the false allegations would justify his illegal search and seizure of plaintiff, and that they would be transmitted to the Queens County District Attorney ("QCDA") so that the QCDA would commence the criminal prosecution of the plaintiff.

40. Likewise, defendant Ferran made or brought about these false allegations with the understanding that the false allegations would serve his improper ends of removing plaintiff and her family from the apartment without resorting to legitimate legal recourse.

41. The false allegations were then, in fact, transmitted or otherwise communicated to the QCDA.

42. Plaintiff was prosecuted and forced to make several court appearances pursuant to these false allegations until February 20, 2014, when the charges against her were dismissed.

43. It was objectively unreasonable for defendants Fink and Donawa to arrest plaintiff since there was no probable cause or reasonable basis to suspect that she had engaged in any unlawful activity.

44. Defendant Ferran made these false allegations, and caused plaintiff's false arrest and malicious prosecution.

45. Defendants Fink and Donawa improperly commenced plaintiff's arrest and prosecution in accordance with the NYPD's policy and/or practice of deferring to and/or conspiring with local landlords, property owners, and business owners over the interests and allegations of private citizens.

46. Defendant Ferran and defendants Fink and Donawa intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of the defendants who engaged in the misconduct described herein as required.

47. That at all times relevant herein, defendants Fink and Donawa were acting within the scope of their employment and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION
## AGAINST DEFENDANTS FINK AND DONAWA FOR
## FALSE ARREST AND MALICIOUS PROSECUTION
## PURSUANT TO 42 U.S.C. SECTION 1983

48. Plaintiff repeats the allegations contained in each of the foregoing paragraphs above as though stated fully herein.

49. Defendants Fink and Donawa willfully and intentionally seized, searched, detained and arrested plaintiff without probable cause, and without a reasonable basis to believe such cause existed.

50. Defendants Fink and Donawa also commenced plaintiff's prosecution without any probable cause or reasonable basis, and continued to prosecute her even after it was clear that there was no basis to do so.

51. By so doing, defendants Fink and Donawa subjected the plaintiff to false arrest and imprisonment, malicious prosecution, and unlawful searches of person and property, and thereby violated, conspired to violate, and aided and abetted in the violation of plaintiff's rights under the United States Constitution, including, but not limited to, the Fourth and Fourteenth Amendments thereto.

52. By reason thereof, defendants Fink and Donawa has violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, the loss of her constitutional rights, and unlawful incarceration.

## SECOND CAUSE OF ACTION
## FOR MUNICIPAL LIABILITY AGAINST
## THE CITY OF NEW YORK
## PURSUANT TO 42 U.S.C. SECTION 1983

53. Plaintiff repeats the allegations contained in each of the foregoing paragraphs as though stated fully herein.

54. Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within the NYPD.

55. Upon information and belief, the municipal defendant knew that there was inadequate supervision within the NYPD precinct on and prior to the date of plaintiff's arrest, and that NYPD guidelines, as promulgated in the Patrol Guide, were routinely ignored and violated by NYPD members. Despite the prior notice of inadequate supervision, defendant took no steps to ensure that reasonable and appropriate levels of supervision were in place in order to reasonably provide that NYPD officers, employees, and their agents, engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers to stop, detain, search, strip search, and arrest members of the public, including and specifically, the plaintiff herein.

56. That the defendant, City of New York, by its persistent lax supervision of its officers, by its practice of requiring its officers to effect a certain minimum number of arrests, and persistent and arbitrary refusal to discipline its officers and to fully and adequately investigate allegations of abuse, neglect, cruelty, and violation of departmental rules and regulations has demonstrated a pattern and practice of abuse of power and deprivation of civil

rights by subjecting persons to unlawful and unjustified detentions and deprivations of legal rights and remedies.

57. Such actions are believed to be comprised of, *inter alia*, the persistent harassment of individuals, false arrest of said persons, insensitivity, intolerance, physical punishment and abuse and excessive force, failure to investigate claims of abuse and violations of departmental rules and regulations, failure to discipline officers when necessary, covering up such incidents when possible, and generally creating and fostering an environment in which an attitude of "cover-up" and denial of officer misbehavior, tortious acts, and violations of law are condoned and accepted, all of which is common knowledge to the subject community and residents within the New York City area.

58. The municipal defendant was deliberately indifferent to the risk that the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of plaintiff's rights in particular.

59. By reason thereof, the municipal defendant has violated 42 U.S.C. § 1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, the loss of her constitutional rights, and unlawful incarceration.

## THIRD CAUSE OF ACTION
## FOR FALSE ARREST, FALSE IMPRISONMENT, AND MALICIOUS PROSECUTION
## AGAINST DEFENDANT FERRAN
## PURSUANT TO NEW YORK STATE LAW

60. Plaintiff repeats the allegations contained in each of the foregoing paragraphs as though stated fully herein.

61. Defendant Ferran intentionally, willfully, maliciously and/or with reckless disregard, caused plaintiff to be falsely arrested and imprisoned, and caused her to be maliciously prosecuted by defendant Fink, and other agents, servants, and employees of the City of New York, without any lawful cause or justification, and plaintiff was aware of her detention.

62. Plaintiff was intentionally, willfully, maliciously and/or with reckless disregard, seized, arrested, detained, assaulted, and held in custody by the individual NYPD defendants because of the false allegations supplied by defendant Ferran.

63. Plaintiff was maliciously subjected to criminal process based on the false allegations made by defendants Ferran and Fink, without which there was no probable cause for her arrest or a reasonable basis to believe that there was probable cause for her prosecution.

64. Defendant Ferran is therefore liable to plaintiff for false arrest and imprisonment, and malicious prosecution.

65. By reason thereof, defendant Ferran has caused plaintiff to suffer emotional and physical injuries, mental anguish, the loss of her liberty, and unlawful incarceration.

## FOURTH CAUSE OF ACTION
## FOR FALSE ARREST, FALSE IMPRISONMENT, AND MALICIOUS PROSECUTION AGAINST DEFENDANTS FINK AND DONAWA AND THE CITY OF NEW YORK PURSUANT TO NEW YORK STATE LAW

66. Plaintiff repeats the allegations contained in each of the foregoing paragraphs as though stated fully herein.

67. Defendant Fink intentionally, willfully, maliciously and/or with reckless disregard, caused plaintiff to be falsely arrested and imprisoned, and caused her to be maliciously prosecuted, without any lawful cause or justification, and plaintiff was aware of her detention.

68. Plaintiff was intentionally, willfully, maliciously and/or with reckless disregard, seized, arrested, detained, assaulted, and held in custody by the individual NYPD defendants.

69. Plaintiff was maliciously subjected to criminal process based on the false allegations made by defendants Ferran, Fink, and Donawa without which there was no probable cause for her arrest or a reasonable basis to believe that there was probable cause for her prosecution.

70. At no time did any of the individual defendants have probable cause, legal justification, authority, or any colorable legal basis for seizing, arresting, detaining, and assaulting plaintiff, and seeking to commence process, and said conduct, was unlawful.

71. Defendants Fink and Donawa were acting in the course of his employment by and in furtherance of the interests of the municipal defendants.

72. Defendants Fink and Donawa and the City of New York are therefore liable to plaintiff for false arrest and imprisonment, and malicious prosecution.

73. The defendant, City of New York, is vicariously liable for defendants Fink's and Donawa's illegal conduct by virtue of *respondeat superior.*

74. By reason thereof, defendants Fink and Donawa and the City of New York have caused plaintiff to suffer emotional and physical injuries, mental anguish, the loss of her constitutional rights, and unlawful incarceration.

### DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

WHEREFORE, plaintiff demands judgment against defendants jointly and severally as follows:

i. on the first cause of action actual and punitive damages in an amount to be determined at trial;

ii. on the second cause of action actual damages in an amount to be determined at trial;

iii. on the third cause of action actual and punitive damages in an amount to be determined at trial;

iv. on the fourth cause of action actual and punitive damages in an amount to be determined at trial;

v. statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, disbursements, and costs of this action; and

      vi.    such other relief as the Court deems just and proper.

Dated: Brooklyn, New York
       January 9, 2015

REIBMAN & WEINER

By:      /s/
Jessica Massimi (JM-2920)
Attorneys for Plaintiff
26 Court Street, Suite 1005
Brooklyn, New York 11242
(718) 522-1743

cc: **By ECF**
Ben Kuruvilla
The New York City Law Department
*Attorneys for the Defendants*

**By Mail**
Osmin Ferran
171 Beach 90th Street, # 1
Rockaway Beach, NY 11693
*Pro Se Defendant*